**McGINNIS LUMBER CO., INC.,**
**Plaintiff,**

v.

**Keith B. BELSER and Scott M. Waldron,**
**Defendants.**

**Civ. A. No. 74–1130.**

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 25, 1974.

Sherwood M. Cleveland, Columbia, S. C., for plaintiff.

Parker & Richardson, and Glenn, Porter & Sullivan, P. A., Columbia, S. C., for defendants.

### ORDER

HEMPHILL, District Judge.

ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)

This is an action based on diversity of citizenship [1] between plaintiff, a Mississippi corporation, and defendants, citizens of South Carolina.

### STATEMENT OF FACTS

On May 30, 1974, Geneva Construction Co., Inc., (hereinafter Geneva) executed and delivered to plaintiff its promissory note wherein Geneva promised to pay $99,295.67 to plaintiff for goods and materials sold and delivered. Payment was promised in six equal installments to become due on the tenth day of each month beginning in July, 1974. Scott M. Waldron, President of Geneva, signed the note on behalf of the promisor.

At the special instance and request of Geneva, plaintiff also later sold and delivered goods and materials valued at $87,543.16 on open account.

Defendants, Belser and Waldron, each signed the promissory note individually as accommodation parties and admit they are obligated to plaintiff under the terms and conditions of the note for $99,295.67.

Also, in consideration of plaintiff's extension of credit to Geneva on the open account for $87,543.16, defendants, Belser and Waldron, guaranteed the indebtedness of Geneva to plaintiff. Defendants waived notice of any nonpayment by Geneva on the open account. Geneva has failed to pay the indebtedness due and defendants admit their resulting liability.

Geneva has not been made a party to this civil action because on August 8, 1974, it filed a petition for corporate reorganization pursuant to Chapter 10 of the Bankruptcy Act, 11 U.S.C. §§ 501–700. Thus, plaintiff, as a creditor of Geneva, is barred by 11 U.S.C. § 513 from instituting litigation against Geneva.

Plaintiff filed this complaint on August 15, 1974 against defendants, Belser and Waldron, as accommodation makers on the note and as guarantors on the open account.

1. 28 U.S.C. § 1332.

In their answers, defendants admit their liability in default of the note and for the indebtedness on the open account. However, they contend that until the corporate reorganization proceedings regarding Geneva are concluded, the liability of the principal cannot be determined and, therefore, plaintiff cannot now pursue against defendants as accommodation makers on the note and as guarantors on the open account. Defendants urge the court to stay this proceeding.

Plaintiff thereupon moved for judgment on the pleadings pursuant to Rule 12(c).[2] The defense appears to raise a novel question under the federal bankruptcy law.

## ISSUE

May a federal district court, in accordance with 11 U.S.C. § 513, stay a proceeding against accommodation makers on a note and against guarantors on an open account while the principal is undergoing corporate reorganization pursuant to Chapter 10 of the Bankruptcy Act?

## ANALYSIS

Upon reviewing 11 U.S.C. § 513, this court finds that the answer is in the negative.

The pertinent statute, 11 U.S.C. § 513[3], is divided into two parts. The first part relates to proceedings "against a debtor's property"; the second part, to "suit against a debtor". A

"debtor" is defined in 11 U.S.C. § 506(5):

> "[D]ebtor" shall mean a corporation by or against which a petition has been filed under this chapter . . . .

It is obvious that the individual defendants, not being corporations, are not embraced within the term "debtor" and therefore the second part of 11 U.S.C. § 513 affords this court no basis for staying this proceeding as a "suit against a debtor". The "debtor" is the corporation undergoing reorganization, i. e., Geneva.

This court must now determine whether this proceeding constitutes "any act . . . against a debtor's property", in accordance with the first part of 11 U.S.C. § 513.

Plaintiff is not pursuing the goods and materials sold to Geneva, which may arguably be considered the "debtor's property". Nor is plaintiff pursuing Geneva's monies for the debts owed. Plaintiff is pursuing the individual defendants' monies; such is not the "debtor's property".

The court's research efforts have failed to uncover any case in which an accommodation maker on a note or a guarantor on an open account has sought a stay of proceedings under 11 U.S.C. § 513 while the principal is undergoing corporate reorganization. However, the court has found one analogous case that lends support to the conclusion that this court lacks the power to stay the proceeding against these indi-

---

2. Fed.R.Civ.P. 12(c). Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

3. 11 U.S.C. § 513. Same; temporary stay of actions.
   Prior to the approval of a petition, the judge may upon cause shown grant a temporary stay, until the petition is approved or dismissed, of a prior pending bankruptcy, mortgage foreclosure or equity receivership proceeding and of *any act* or other proceeding to enforce a lien *against a debtor's property, and* may upon cause shown enjoin or stay until the petition is approved or dismissed the commencement or continuation of *a suit against a debtor.* (Emphasis added.)

**392**

vidual defendants as "any act . . . against a debtor's property."

One federal district court has found that a court in an action brought under Chapter 10 of the Bankruptcy Act generally lacks the power to stay proceedings instituted against a debtor's solvent, wholly owned subsidiary, except in circumstances where the parent and the subsidiary are so completely "one", such that the corporate veil may be pierced. In the Matter of Beck Industries, Inc., 348 F.Supp. 367 (S.D.N.Y.1972).

Therefore, this court finds that:
(1) plaintiff may proceed against the individual defendants as accommodation makers on the note and as guarantors on the open account even though the principal is undergoing corporate reorganization pursuant to Chapter 10 of the Bankruptcy Act; and (2) the individual defendants are not entitled to a stay of these proceedings pursuant to 11 U.S.C. § 513 because this civil action is not "any act . . . against a debtor's property" and not "a suit against a debtor".

## CONCLUSION

I. Plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) is granted.

II. Defendants' motion for a stay of these proceedings pursuant to 11 U.S.C. § 513 is denied.

It is therefore ordered that plaintiff, McGinnis Lumber Co., Inc., have judgment against the individual defendants, Keith B. Belser and Scott M. Waldron, in the amount of $99,295.67 on the promissory note, together with a reasonable attorney's fee of $5,000.00, in lieu of the 10% fee provided in the note; and in the amount of $87,543.16 on the open account, together with interest thereon at the rate of 1% per month on each invoice from the date each such invoice was past due.

And it is so ordered.