In re BRADA MILLER FREIGHT SYSTEM, INC., a corporation, Debtor.

Bankruptcy No. BK–80–04099.

United States Bankruptcy Court, N. D. Alabama, S. D.

Dec. 5, 1980.

Wilber Silberman, Steve Johnson, Silberman, Silberman & Loeb, Birmingham, Ala., for the Local Unions.

Gerry M. Miller, Goldberg, Previant, Uelmen, Gratz, Miller, Levy & Bruggeman, Milwaukee, Wis., for International Union.

J. N. Holt, Holt & Cooper, Birmingham, Ala., for trustee.

Jerry W. Schoel, R. Dale Wallace and Charles Denaburg, Denaburg, Schoel, Meyerson & Ogle, and Edwin Finch, III and John Richard Carrigan, Balch, Bingham, Baker, Hawthorne, Williams & Ward, Birmingham, Ala., for debtor.

## ORDER STAYING PROCEEDINGS OF NATIONAL LABOR RELATIONS BOARD

STEPHEN B. COLEMAN, Bankruptcy Judge.

This matter has come before the Court upon the application of the Debtor, Brada Miller Freight System, Inc., in which the Trustee, William Cassell Stewart, concurs for an order of this Court staying proceedings by the National Labor Relations Board against the Debtor. From the application, from the affidavit filed, and after oral argument by counsel for the Debtor, counsel for the Trustee, each in support of the application, it appears to the Court that immediate and irreparable injury, loss, and damage will result to the Debtor before the National Labor Relations Board or its attorneys can appear in opposition.

Attorney Steve Johnson of the firm of Silberman, Silberman and Loeb was present in chambers on December 4, and in court on December 5, 1980, as an observer.

The application is based upon the pendency of National Labor Relations Board proceedings in NLRB Cases 25–CA–12509, 25–CA–12509–2, 25–CA–12510, 25–CA–12511, 25–CA–12511–2, 25–CA–12512, and 25–CA–12827, set for administrative hearing December 8, 1980, in Indianapolis, Indiana, and upon a petition brought by the National Labor Relations Board for preliminary injunction in Case IP80–1195C in the United States District Court for the Southern

District of Indiana, Indianapolis Division. From the application it further appears that diversion of personnel and money from the day–to–day operations of the Debtor in order to attend and defend the proceedings in Indianapolis would cause immediate and irreparable injury, loss, and damage to the Debtor.

The Court finds that the effect of the National Labor Relations Board administrative proceedings and the District Court Case IP80–1195C would substantially thwart and frustrate the operation of the Debtor and the ability to effect an arrangement otherwise available to it under Chapter 11 of the Bankruptcy Code of 1978.

The Court further finds that the effect of the National Labor Relations Board administrative proceedings and the District Court case mentioned in the preceding paragraph would be to frustrate the jurisdiction of this Court over the Debtor, its property and operations.

The Court finds that the application is well taken and a proper order should be made to protect the jurisdiction of this Court and to protect and relieve the Debtor from the burden of defending multiple proceedings which appear to arise from the rejection of the collective bargaining agreement in accordance with an order of this Court of August 5, 1980.