**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF LITTLE ROCK, Plaintiff,**

v.

**Arch P. PETTIT and Ida Marie Pettit, f/d/b/a Archangel Corporation, La Pettit Roche, Quapaw Quarter Shops and Enerkleen, Defendants.**

**No. LR–C–80–507.**

United States District Court,
E. D. Arkansas, W. D.

March 27, 1981.

Cyril Hollingsworth, Davidson, Plastiras, Horne, Hollingsworth & Arnold, Little Rock, Ark., for plaintiff.

Isaac A. Scott, Jr., Wright, Lindsey & Jennings, Little Rock, Ark., for defendants.

## MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

This case is before us on an appeal from the bankruptcy court's decision enjoining First Federal Savings & Loan Association from bringing suit against the bankrupt's co-debtor. Arch and Ida Pettit filed a bankruptcy proceeding under Chapter 11 of the new bankruptcy and submitted a reorganization plan involving a residence occupied by Mr. Pettit's mother-in-law, Mrs. Volpe. The mortgage and promissory note on the residence were issued by First Federal and show both the Pettits and the Volpes as borrowers. According to the reorganization plan, there will be an extension of time in making the payments and all delinquent payments will be made at the end of the note. Any action against the Pettits on the mortgage and promissory note is automatically stayed under 11 U.S.C. § 362. However, First Federal asked permission of the court to proceed against the Volpes personally. The bankruptcy judge denied this request and based his authority to enjoin First Federal on 11 U.S.C. § 105.

Prior to the adoption of the new bankruptcy code, it was well settled that the bankruptcy court could not enjoin a creditor from bringing suit against "a guarantor or other third party liable upon the debts of the debtor...." Collier, Bankruptcy § 362.04 at 362–28–29 (15th ed. 1980). An examination of the cases reveals that the injunctions were denied on the grounds that the court did not have jurisdiction to order a stay of such proceedings. In *Teledyne Industries v. Eon Corp.*, 401 F.Supp. 729 (S.D.New York 1975) the court gave the following explanation for its refusal to issue an injunction:

First of all, under the bankruptcy statute, the exclusive jurisdiction of the bankruptcy court extends only to the debtor, in this case Eon, and *its* property. 11 U.S.C. § 711. In this action, the plaintiff is seeking to impose liability on the individual defendants personally. The subject matter of this lawsuit is clearly not property in the actual or constructive possession of Eon. A judgment in favor of plaintiff will in no way affect Eon or its property, and obviously will not interfere with the bankruptcy court's order of arrangement.

Secondly, the stay issued by the bankruptcy judge with respect to Eon does not in the least affect these proceedings. The power to enjoin lawsuits pursuant to 11 U.S.C. § 714 is confined to actions in which the debtor is a party or in which the debtor's property is directly affected. See also *In Re Magnus Harmonica Corp.*, 233 F.2d 803 (3rd Cir. 1956); *McGinnis Lumber Co. v. Belser*, 385 F.Supp. 390 (S.C. 1974); *Globe Const. Co. v. Oklahoma City Housing*, 571 F.2d 1140 (10th Cir. 1978); and *Gorovitz v. Balkin*, 96 F.Supp. 747 (L.D. Mass.1951).

The jurisdiction of the bankruptcy court under the new code has, however, been greatly expanded. While the bankruptcy court's jurisdiction was in the past limited to "the debtor and his property, wherever located," 11 U.S.C. § 711, it now encompasses "all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1471(b). Collier, in discussing the distinctions between the two acts, defines the jurisdictional limitations contained in the new code:

> In addition, certain types of civil proceedings should be held not to be within the jurisdiction of the bankruptcy court, even though the debtor is involved in those proceedings. For example, divorce or child custody matters are so intimately involved with state policies and law, and so tangentially involved with the title 11 case, that they probably are not "related to" the title 11 case. That is, there must be some reasonable nexus between a particular civil proceeding and the title 11 case to bring that proceeding within the section 1471(b) grant of jurisdiction. This is not to delimit or erode the Congressional intent to grant comprehensive jurisdiction to the bankruptcy court; it is, however, to suggest that there is a limited class of civil proceeding the nature of which is such that there is no logical connection of any kind between that proceeding and the title 11 case. Those cases fall without the comprehensive grant of jurisdiction of section 1471.

. . . . . .

The jurisdiction which could properly be exercised by referees under the Bankruptcy Act was circumscribed by notions of possession of property (essentially, was *in rem* jurisdiction) and consent given by an adverse party under Section 2a(7) of the Act and Rule 915. . . . Further, Section 1471(c) makes it clear that

> "[t]he idea of possession or consent as the sole basis for jurisdiction is eliminated. The bankruptcy court is given in personam jurisdiction as well as in rem jurisdiction to handle everything that arises in a bankruptcy case."

Thus, jurisdiction will exist in the bankruptcy court to hear any matter which is related to or in any way connected with the title 11 case. Collier, *supra* § 3.01 at 3–46.

It would appear then that the court in this case would have jurisdiction of a suit against the Pettits' co-debtors if it can be shown that the action is sufficiently connected to the bankruptcy proceeding. Once the jurisdiction of the court is established, it is clear that the new code gives the court the power to enjoin this action. 28 U.S.C. § 1481 provides in part that "a bankruptcy court shall have the powers of a court of equity, law and admiralty. . . ." Furthermore, 11 U.S.C. § 105 states that a "bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." While 11 U.S.C. § 362 sets forth those actions which are automatically stayed at the commencement of a bankruptcy proceeding, Collier states that § 362

> [d]oes not attempt to state the jurisdiction of the bankruptcy court with respect to stays and injunctive relief or to determine the boundaries of the exercise of the court's injunctive power. Section 105 which is the successor to Section 2a(15), gives the court the power to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." In addition to the very broad grant of jurisdiction in 28 U.S.C. § 1471, under section 1471(e) it is provided in particular that "The bank-

ruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of the case." Collier, *supra* § 362.02 at 362–25.

In explaining the exceptions to automatic stay provisions, Collier further explains that

[t]he exceptions to the automatic stay of section 362(a) which are set forth in section 362(b) are simply exceptions to the stay which protect the estate automatically at the commencement of the case and are not limitations upon the jurisdiction of the bankruptcy court or upon its power to enjoin. That power is generally based upon section 105 of the Code. The court will have ample power to enjoin actions excepted from the automatic stay which might interfere in the rehabilitative process, whether in a liquidation or reorganization case. Collier, *supra* § 362.05 at 362–37.

In the case now before the court, the bankruptcy judge concluded that an action against a co-debtor who was also a relative of the Pettits would interfere with the proposed reorganization plan. While the jurisdiction of the court to enjoin an action against a co-debtor must be determined on a case by case basis, where, as here, the action to be enjoined is against a close relative and involves a personal residence, it can be seen that such an action might place pressure on the bankrupt and ultimately affect the proposed reorganization. On the facts now before us, we cannot say that the decision of the bankruptcy judge was clearly erroneous. Accordingly, we hereby affirm the decision of the bankruptcy court.

IT IS SO ORDERED.