715 F.2d 124
 10 Collier Bankr.Cas.2d 569, 11 Bankr.Ct.Dec. 642
 Edward C. WILLIFORD, Appellee,
v.
ARMSTRONG WORLD INDUSTRIES, INC., A Pennsylvania
Corporation; AC and S, Inc., A Foreign Corporation; The
Celotex Corporation, A Delaware Corporation; Eagle-Picher
Industries, Inc., An Ohio Corporation; Forty-Eight
Insulation, Inc., An Illinois Corporation; Fibreboard
Corp., Pabco Industrial Products Division, A Delaware
Corporation; The Flintkote Company, A Foreign Corporation;
GAF Corporation, A Delaware Corporation; Keene Corporation,
A New Jersey Corporation; National Gypsum Company, A
Foreign Corporation; Nicolet, Inc., A Pennsylvania
Corporation; Owens-Corning Fiberglas Corp., A Delaware
Corporation; Owens-Illinois, An Ohio Corporation; H.K.
Porter Company, Inc., A Foreign Corporation; Pittsburgh
Corning Corporation, A Foreign Corporation;
Raybestos-Manhattan, Inc., A Connecticut Corporation (Now
known as Raymark Industries, Inc.); Rock Wool Manufacturing
Company, A Foreign Corporation, Appellants,
and
Crown Cork & Seal, A Foreign Corporation; Empire Ace, A
Foreign Corporation; Johns-Manville Amiante Canada, Inc., A
Foreign Corporation; Johns-Manville Corporation, A Delaware
Corporation; Johns-Manville Sales Corporation, A Delaware
Corporation; Lake Asbestow, A Delaware Corporation;
Standard Insulation, A Missouri Corporation; Turner and
Newall Limited, A Foreign Corporation; Unarco Industries,
Inc., An Illinois Corporation, Defendants.
 No. 82-2083.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 7, 1983.
Decided Aug. 12, 1983.
 
 1
 McNeill Smith, Greensboro, N.C. (Gerard H. Davidson, Jr., William L. Young, Timothy Peck, Greensboro, N.C., J. Brian Scott, Marshall A. Gallop, Jr., J. Charles Waldrup, Rocky Mount, N.C., William K. Davis, Richard V. Bennett, Winston Salem, N.C., Marvin D. Musselwhite, Jr., Raleigh, N.C., William D. Caffrey, Kenneth Kyre, Jr., Greensboro, N.C., Charles H. Mercer, Jr., Raleigh, N.C., Donald E. Britt, Jr., Wilmington, N.C., Henry L. Anderson, Jr., Fayetteville, N.C., Fitzhugh E. Wallace, Kinston, N.C., Thomas E. Harris, New Bern, N.C., Richard Tyndall, H. Lee Davis, Jr., Richmond W. Rucker, Winston Salem, N.C., Richard M. Lewis, Armistead J. Maupin, Raleigh, N.C., F. Blackwell Stith, New Bern, N.C., James G. Billings, Raleigh, N.C., Thomas N. Barefoot, Manteo, N.C., Victor S. Bryant, Jr., Durham, N.C., Perry C. Henson, J. Victor Bowman, Greensboro, N.C., Robert M. Clay, Sanford W. Thompson, IV, Raleigh, N.C., W. Harold Mitchell, Valdese, N.C., Howard E. Manning, Sr., Howard E. Manning, Jr., Raleigh, N.C., on brief), for appellants.
 
 
 2
 G. Brinson Williams, Barnwell, S.C. (Ronald L. Motley, Joseph F. Rice, Barnwell, S.C., Thomas F. Taft, Greenville, N.C., on brief), for appellees.
 
 
 3
 Before ERVIN and CHAPMAN, Circuit Judges, and KNAPP,* District Judge.
 
 
 4
 DENNIS R. KNAPP, District Judge.
 
 
 5
 This action comes to this Court by way of an interlocutory appeal granted by the district court to the defendants, Armstrong World Industries, Inc., and certain other co-defendants (Appellants), pursuant to 28 U.S.C. § 1292(b). The district court refused to stay the trial of this case pending the resolution of proceedings in bankruptcy filed by four of the defendants, including Johns-Manville Sales Corporation, under Chapter 11 of the Bankruptcy Act in jurisdictions outside the District of North Carolina, but did grant appellants an interlocutory appeal to this Court. In affirming the lower court, we hold that appellants, petitioners below, for reasons hereinafter assigned, were not (1) subject to the automatic stay provisions of Section 362(a) of Chapter 11 of the Bankruptcy Code, and that (2) under the facts of this case, they were not entitled to a discretionary stay under the court's general equity powers pending resolution of the bankruptcy claims of their co-defendants.
 
 I. FACTS
 
 6
 Appellee, Edward E. Williford, filed this action in district court on May 10, 1982, alleging injuries due to exposure to various asbestos products manufactured or supplied by each of the 28 separate defendants. All defendants filed answers denying the allegations of the complaint. The case then moved into discovery and at the time appellants sought relief was approaching the trial stage. Thereafter, four of the 28 defendants filed petitions for reorganization under Chapter 11 of the Bankruptcy Code, and, accordingly, the action was automatically stayed as to those defendants. The remaining defendants petitioned the district court to stay the trial of the action as to all defendants, which stay was denied.
 
 II. AUTOMATIC STAY
 
 7
 Section 362(a) of Chapter 11 of the Bankruptcy Code provides in pertinent part:
 
 
 8
 (a) Except as provided in subsection (b) of the section, a petition filed under p 301, 302 or 303 of this title operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.... (Emphasis added).
 
 
 9
 Appellants contend that said provision requires a stay of the trial of the case as to them until the resolution of the bankruptcy proceedings filed by their co-defendants under Chapter 11 of the Bankruptcy Act. The thrust of their argument is that the claims of the plaintiff are inextricably interwoven and present such closely related issues of law and fact that just resolution of the case cannot be accomplished without the presence at the trial of the defendants now seeking relief in the bankruptcy court. They seek to justify this construction of § 362 by attributing to it broad remedial provisions designed to stop random prosecution of claims involving interests of the debtor and place them in the bankruptcy court. They contend that the co-defendants, now the subject of bankruptcy proceedings, are essential parties to a just resolution of the case. They further argue that they are indispensable and necessary parties under Rule 19 of the Federal Rules of Civil Procedure.
 
 
 10
 We are not persuaded by these arguments. In concluding that the remaining co-defendants cannot avail themselves of the automatic stay provisions of 11 U.S.C. § 362(a), applicable to those defendants under the protection of the bankruptcy court, we need only examine the plain wording of the statute itself. It provides only for an automatic stay of any judicial proceeding "against the debtor." Section 362(a)(1). The words "applicable to all entities" denotes that the stay accorded the "debtor" is without limit or exception and that the "debtor" is protected from the pursuit of actions by any party of any character during the period of the stay. That insulation, however, belongs exclusively to the "debtor" in bankruptcy. It is to be noted also that of the remaining subsections of Section 362(a), namely 2, 5, 6, 7, and 8 (listing the kinds of proceedings stayed), specifically refer to "the debtor," and that subsections 3 and 4 refer to "the estate of the bankrupt."
 
 
 11
 In considering this very issue, the Fifth Circuit observed that a literal interpretation of § 362(a) is bolstered by language which is notably absent from its provisions. By way of comparison, Chapter 13 specifically authorizes the stay of actions against co-debtors. 11 U.S.C. § 1301(a). No such shield is provided Chapter 11 co-debtors by § 362(a). Wedgeworth, et al. v. Fibreboard Corporation, et al., 706 F.2d 541 (Fifth Circuit, 1983).[1]
 
 
 12
 The legislative history of the Act further supports the premise that the wording of the statute is clear and unambiguous and is not subject to judicial interference for any purpose. The notes of the Committee of the Judiciary recognize the debtor only as the beneficiary of the stay.
 
 
 13
 The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from its creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
 
 
 14
 See: S.Rep. No. 95-989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in U.S.Code Cong. & Admin.News, 1978, pp. 5787, 5840-5841.
 
 
 15
 The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who first acted would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.
 
 
 16
 See: H.R.Rep. No. 95-595, 95th Cong. 2d Sess. 349 (1978), reprinted in U.S.Code Cong. & Admin.News, 1978, p. 6297.
 
 
 17
 The provisions of 11 U.S.C. § 362(a) are creatures of Congress and have the sanction thereof. Under the explicit terms of said section, the courts are powerless to grant the relief sought.
 
 
 18
 The appellants further argue that the defendants in the bankruptcy court are indispensable parties so as to mandate a stay of the proceedings under Rule 19, Federal Rules of Civil Procedure. It is clear, however, from the facts of this case that the defendants are simply joint tortfeasors and clearly, in the federal forum, joint tortfeasors are not indispensable parties. Herpich v. Wallace, 430 F.2d 792 (5th Cir.1980). See, Wright & Miller, Federal Practice and Procedure: Civil § 1623.
 
 III. DISCRETIONARY STAY
 
 19
 Our holding that an automatic stay is not available to the appellants limits further consideration of their entitlement to a stay to the inherent power in courts under their general equity powers and in the efficient management of their dockets to grant relief. Such power in the district courts is well recognized. It is not, however, without limitation. As was observed by the Fifth Circuit in Wedgeworth, citing Landis v. North American Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 165-66, 81 L.Ed. 153 (1936), proper use of this authority "calls for the exercise of judgment which must weigh competing interests and maintain an even balance." The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.
 
 
 20
 "The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." Landis, supra.
 
 
 21
 Here we do not believe such a showing has been made. Of particular significance in balancing the competing interests of the parties in the case at bar are the human aspects of the needs of a plaintiff in declining health as opposed to the practical problems imposed by the proceedings in bankruptcy, which very well could be pending for a long period of time. A stay under such circumstances would work manifest injustice to the claimant.
 
 
 22
 Piecemeal litigation no doubt will result from the absence of the defendants now in bankruptcy court. Conceivably, certain of the claims may need to be relitigated in that court or elsewhere. However, we are convinced that the requisite balancing of the competing interests of the plaintiff and the non-bankrupt defendants in this case weighs in favor of permitting the trial to proceed against appellants. We can discern no clear case of hardship or inequity in requiring the appellants (the remaining defendants below) from proceeding to trial. The defendants protected now by the shield of a stay under § 362(a) will in time in some forum have the allegations of the complaint against them and any claims they may have against co-defendants fully litigated. The results of the litigation in bankruptcy will not be squandered.
 
 
 23
 Appellants complain of the unfairness of being required to adjudicate the great number of asbestosis cases in both courts of law and bankruptcy and relitigation upon final judgments in one court or the other. Admittedly, bearing in mind the complexity of asbestosis litigation, many problems are envisioned, not the least of which is discovery. As we view it, none of the problems encountered by appellants defy resolution given the normal delays in litigation of this kind and the resourcefulness of counsel in developing strategies to meet them. Much of the discovery was completed before protective orders of the bankruptcy court were filed. As is known generally from the history of this litigation, much discovery was in existence, particularly as to Johns-Manville, at the time this case was filed. In the case at bar, there is no specific meaningful complaint by any of the appellants that discovery has been thwarted, or that specific problems exist.
 
 
 24
 The distress of appellants is understandable. They consider the defendants protected momentarily by the bankruptcy orders as the parties most culpable in the case. But that circumstance is not to be charged to the plaintiff. He no doubt has the same concern. Burdens are inevitable for all parties in litigation as complex as here involved. In any event, the position in which the appellants find themselves, while taxing and burdensome, does not constitute a sufficient offset to the plaintiff's right to have his case resolved without undue delay.
 
 
 25
 Accordingly, for the reasons heretofore assigned, we conclude that the appellants are not entitled to discretionary stays to halt the trial of the case as to them pending the proceedings in bankruptcy of their co-defendants.
 
 IV. CONCLUSION
 
 26
 Having found that appellants are not subject to the automatic stay provisions of Chapter 11, Section 362(a) of the Bankruptcy Code, and further having also concluded that they are not entitled to discretionary stays under the facts and circumstances of the case at bar, we affirm the action of the district court in denying same.
 
 
 27
 AFFIRMED.
 
 
 
 *
 Honorable Dennis R. KNAPP, United States District Judge for the Southern District of West Virginia, sitting by designation
 
 
 [1]
 Since argument of this case, we procured a pre-publication copy of the very recent case of Wedgeworth, et al. v. Fibreboard Corporation, et al., supra, along with two other consolidated cases decided May 24, 1983, by the Fifth Circuit. We are in accord with the court's holding therein and have cited it in this opinion. Further, since the opinion of this Court was rendered, this Court takes note of the Sixth Circuit holding in accord with Wedgeworth in Lincoln Lynch, et al. v. Johns-Manville Sales Corp., et al., 710 F.2d 1194, 1983