In re CENTURY MACHINE
TOOLS, INC., Debtor.

CENTURY MACHINE TOOLS,
INC., Plaintiff,

v.

PAN AMERICAN BANK OF DADE
COUNTY, N.A., Defendant.

Bankruptcy No. 83–00605–BKC–TCB.
Adv. No. 83–0725–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Sept. 23, 1983.

Terence B. Schwartz, Miami, Fla., for defendant.

Andrew J. Nierenberg, Plantation, Fla., for debtor.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The chapter 11 debtor/plaintiff seeks a permanent injunction against the defendant bank to prevent the latter from proceeding upon its garnishment actions presently pending in the State court against a third party, David Malina. Defendant has answered. The matter was tried on September 22.

Assuming the facts alleged by the debtor and stated by its counsel in his opening statement to the court, I find no predicate for the injunctive relief sought and, therefore, conclude that this case should be dismissed with prejudice.

The garnishment actions are pending against the debtor's president and major shareholder. It is alleged that defendant's enforcement of its rights under State law against this third party would impair the debtor's ability to effect reorganization in this court because the debtor's president, Malina, the officer responsible for securing financing for the debtor and also running the debtor's business, is distracted by the fact that he has no place to cash a personal check as a result of the garnishment actions filed against him individually. Additionally, the debtor asserts that as a result of the

garnishment of Malina's accounts in four banks, the debtor has lost any prospect of obtaining financing from those banks.

I recognize that this court has jurisdiction and discretion to enjoin collection efforts against a third party, which otherwise would be entirely lawful, if those efforts would impair a debtor's ability to reorganize. *In re Otero Mills, Inc.,* 25 B.R. 1018, 1021 (D.N.M.1982). In that case, the District Court upheld the bankruptcy court's exercise of such discretion in the granting of a preliminary injunction where the bankruptcy court found that there would be irreparable harm to the bankruptcy estate if the injunction did not issue.

No such finding is appropriate in this case, which is before the court for final hearing. To begin with, the debtor admits that an injunction would not restore the debtor's ability to borrow money from the four banks which have already been the subject of garnishment before bankruptcy. It is not suggested that Malina has an account subject to defendant's writ of garnishment in every bank in this area. The garnishment of Malina's personal accounts could not destroy every opportunity for this debtor to obtain financing if it is, in fact, credit worthy. Few chapter 11 debtors are. If it is not, an injunction would not assist it.

The debtor's remaining basis for injunctive relief is equally thin. The fact that its principal officer and stockholder has no place to cash a personal check is an inconvenience, which he could avoid by submitting himself and his assets to the bankruptcy court and the protection of the automatic stay under § 362(a). He has elected not to do so. That voluntary election on his part affords no basis for injunctive relief. Furthermore, I cannot take seriously the contention that Malina's inability to cash a personal check is so utterly devastating as to deprive this debtor of his leadership.

I find that the debtor has not carried its burden of asserting irreparable harm which would frustrate this debtor's reorganization.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint with prejudice. Costs may be taxed on motion.