BREITENSTEIN, Circuit Judge.
 

 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument
 
 *625
 
 would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir., R. 10(e). This cause is therefore ordered submitted without oral argument.
 

 This case challenges the jurisdiction of the bankruptcy court. The appellees, Michael and Linda Webb, filed a petition for relief under Chapter 13, Title 11, in the Bankruptcy Court for the Western District of Oklahoma. They listed as the only secured creditor the Oklahoma Health Services Federal Credit Union, appellant herein. They had purchased a Buick automobile which was financed by the Credit Union. Upon the Webbs’ default the Credit Union repossessed the car on January 19, 1983 under the terms of the parties’ security agreement. Following a hearing on the Webbs’ application for the return of the car, the bankruptcy judge ordered the car returned to them on April 19, 1983. On April 29, 1983, the bankruptcy judge confirmed the Webbs’ Chapter 13 plan which provided for the cure of the default, and the full payment of the debt by resumption of the required payments. The Credit Union appeals both of these orders.
 

 The Webbs contend that the appeals were not timely. The order returning the property to them was entered on April 19 and the notice of appeal was filed on May 19. The order confirming the debtors’ Chapter 13 plan was entered on April 29 and the notice of appeal was filed on May 31, the first day the court was open after the Memorial Day holiday. The appellant complied with Rule 4, Fed.R.App.P. The two appeals were consolidated in this court.
 

 The plaintiff argues that, by invalidating 28 U.S.C. § 1471(c) of the Bankruptcy Act of 1978, the Supreme Court decision in
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598, also invalidated 28 U.S.C. § 1471(a) and (b). Several circuits have rejected this argument. See
 
 White Motor Corp. v. Citibank, N.A.,
 
 6 Cir. 1983, 704 F.2d 254, 260;
 
 First National Bank v. Hansen (In re Hansen),
 
 8 Cir.1983, 702 F.2d 728, 729, cert. denied - U.S. -, 103 S.Ct. 3539, 77 L.Ed.2d 1389; and
 
 Braniff Airways, Inc. v. Civil Aeronautics Board (In re Braniff Airways, Inc.),
 
 5 Cir. 1983, 700 F.2d 214, 215, cert. denied, - U.S.-, 103 S.Ct. 2122, 77 L.Ed.2d 1302. We agree with those decisions. Be that as it may, the transitional provision of the 1978 Act left in effect until April 1, 1984, the jurisdictional grant in 28 U.S.C. § 1334. See 92 Stat. 2682, §§ 402(b) and 404(a). Section 1334 provides that:
 

 “The district courts shall have original jurisdiction, exclusive of the courts of the States, of all matters and proceedings in bankruptcy.”
 

 “The purpose of section 404 is to continue the present bankruptcy court system during the transition period.” H.R. Rep. No. 595, 95th Cong., 1st Sess. 459, reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 6415. Pursuant to the authority granted by 28 U.S.C. § 332, the Tenth Circuit Judicial Council adopted an interim rule and directed the district courts to do so. The interim rule does not violate the Constitution because during the transition the district courts retain primary jurisdiction over bankruptcy matters. See
 
 White Motor Corp. v. Citibank, N.A.,
 
 supra, 704 F.2d 254, 263.
 

 The Credit Union admits that if the district courts retain jurisdiction, they have the power to grant some jurisdiction to bankruptcy judges. Reply Brief p. 5. It argues that (1) the interim rule does not adequately define “related proceeding” and (2) the orders from which it appeals affect the extent of its security interest which is controlled by state law, and are therefore the result of related proceedings.
 

 We find no merit in these arguments. The interim rule provides, Rule (c), that there are referred to the bankruptcy judges “[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11.” The interim rule further provides, Rule (d)(3)(A):
 

 “Related proceedings are those civil proceedings that, in the absence of a peti
 
 *626
 
 tion in bankruptcy, could have been brought in a district court or a state court.”
 

 Although state law interests are implicated here, the orders are based on the Bankruptcy Code.
 

 Credit Union’s argument relying on
 
 Pacemaker Diagnostic Clinic v. Instromedix, Inc.,
 
 9 Cir.1983, 712 F.2d 1305, is not in point. That case involved the Magistrate’s Act. Unlike the Magistrate’s Act, the interim rule grants bankruptcy judges the authority to make final decisions only in cases arising under Title 11.
 

 Credit Union attacks both the order returning the automobile to the debtors and the debtors’ Chapter 13 plan. The bankruptcy judge found that Mr. Webb’s business was that of a traveling salesman and he needed the car in his business. The Order confirming provided that the Webbs bring the payments up to date and maintain them in accordance with the mortgage. Credit Union was adequately protected.
 

 Affirmed.