Billy Tom **MAHAFFEY, Sr., and Wanda Lee Mahaffey, Billy Tom Ltd., Plaintiffs,**

v.

**E–C–P OF ARIZONA, INC., an Arizona corporation, Defendant.**

Adv. No. 84 G 376.

United States Bankruptcy Court, D. Colorado.

June 20, 1984.

**470**

Robert M. Duitch, Colorado Springs, Colo., for plaintiffs.

David Addison, Denver, Colo., for defendant.

## MEMORANDUM OPINION

JAY L. GUECK, Bankruptcy Judge.

The Plaintiff (Billy Tom Ltd.) is the debtor-in-possession pursuant to a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Billy Tom Mahaffey, *Sr.* and Wanda Lee Mahaffey are the sole partners of Billy Tom Ltd., the debtor-in-possession. Mr. and Mrs. Mahaffey were also co-debtors in a separate action, now consolidated herein.

Billy Tom Ltd. seeks an order of this Court granting injunctive relief prohibiting and restraining the defendant, E-C-P of Arizona, Inc. (E-C-P), from pursuing action against Billy T. Mahaffey, Jr. on a judgment obtained by E-C-P against Billy T. Mahaffey, *Jr.* in the State of Arizona. The judgment results from an alleged personal guarantee by Mr. Mahaffey, Jr. for goods sold to Williams Dining Room dba Mulboons. The evidence establishes that Mulboons, located in the State of Washington, is a tradename and is owned by the plaintiff, Billy Tom Ltd.

The judgment obtained by E-C-P against Billy T. Mahaffey, Jr. in the State of Arizona did not directly involve Billy Tom Mahaffey, Sr., Wanda Lee Mahaffey or Billy Tom Ltd. Billy T. Mahaffey, Jr. is the son of Mr. and Mrs. Mahaffey, Sr., the sole shareholders of Billy Tom Ltd. Mr. Mahaffey, Jr. presently manages Mulboons for Billy Tom Ltd. in the State of Washington. The judgment rendered against Mr. Mahaffey, Jr. in Arizona was a default judgment, resulting from his failure to appear or otherwise respond to the complaint filed against him in the State of Arizona. It has not been the subject of any collateral attack as to jurisdiction. The judgment is a presently valid and pending judgment for the sum of $25,930.48, together with costs in the sum of $78.00 and attorney's fees in the sum of $3,000.00, for an aggregate of $29,008.48.

The basis upon which this Court is asked to enter the injunctive relief against E-C-P in its collection efforts against Billy Mahaffey, Jr. is that Mr. Mahaffey, Jr. is totally absorbed in giving his time and effort to his employment with Billy Tom Ltd. and that it is essential to the reorganization of Billy Tom Ltd. that Mr. Mahaffey, Jr. be allowed to devote his time and attention to the efforts of managing plaintiffs' restaurant in Washington, unfettered by the rigors and time necessary to respond to the judgment rendered against Mr. Mahaffey, Jr.

The evidence establishes that Mr. Mahaffey, Jr. is not a partner in Billy Tom Ltd. It is not clear whether he actually signed a guarantee for merchandise provided to Bil-

ly Tom Ltd. He testified he doesn't know. The judgment rendered against him, to which I am bound to give full faith and credit at this point, is predicated upon such a personal guarantee. Mr. Mahaffey, Jr. is the manager of a restaurant on behalf of Billy Tom Ltd. The plaintiff also has five restaurants in Utah, five restaurants in Colorado, one in Texas, and two other facilities in Washington. The Washington operation, managed by Mr. Mahaffey, Jr. is, according to Mr. John Lichlyter, an accountant employed for the debtors, extremely important to the successful funding of any plan of reorganization by the plaintiff. Mr. Mahaffey, Jr. testified he spends 80 to 90 hours per week in his managerial activity, working from 7:00 a.m. until 11:00 p.m. or sometimes until 2:00 a.m. He indicates this activity is necessary, since the restaurant is in its initial stages and it takes a great deal of time and effort to get the business established. He also testified there is no one else available to accomplish his duties. Mr. Mahaffey, Jr. opened the store in Washington State the morning of this hearing, then flew to Denver for purposes of testimony and expects to return the same evening to accomplish the necessary closing operations. He claims there is no time available for his family or other extracurricular activities at the present time. I have no doubt Mr. Mahaffey, Jr's. activities are greatly consumed in the operation of this business on behalf of his parents.

Plaintiff agrees that if Mr. Mahaffey, Jr. signed a personal guarantee or has liability to a third party on any other theory, he must accept the consequences of such liability. The injunction being sought is not a permanent injunction, but is an injunction pending resolution of a plan of reorganization on behalf of the debtor-in-possession. No allegation is made that a successful reorganization is in any way dependent upon the advancement of funds by Mr. Mahaffey, Jr. or the preservation of any of his personal assets.

The action sought to be enjoined is simply that action necessary to collect the indebtedness resulting from the judgment obtained against Mr. Mahaffey, Jr. The evidence is unclear as to exactly what efforts to collect have been initiated, other than to register the judgment or what time is necessary to respond to collection efforts. No evidence was presented to reflect time expended thus far. Mr. Mahaffey, Jr. simply testified that he presently has no time to devote to responding to *any* lawsuits.

The plaintiff contends that any pressure by E-C-P to obtain collection from Mr. Mahaffey, Jr. on its judgment "stands a chance" of irreparably preventing a reorganization of Billy Tom Ltd. No evidence was presented to demonstrate any other resources available to satisfy the judgment of E-C-P. Mr. Mahaffey, Jr. presently is paid $2,000.00 per month and his wife is paid $1,000.00 per month for keeping records on behalf of Billy Tom Ltd.

## CONCLUSIONS OF LAW

Defendant, E-C-P, interposes two contentions in opposition to the relief sought by the plaintiff. First, jurisdiction is questioned, inasmuch as injunctive relief is sought against a non-debtor guarantor who is not even a partner in the debtor business. Secondly, under the facts of this case, it is argued there simply is an insufficient showing to demonstrate that action against Mr. Mahaffey, Jr. will have such a material impact on the reorganization of Billy Tom Ltd. as to warrant injunctive relief.

■ This Court has no doubt it has jurisdiction, in appropriate circumstances, to grant injunctive relief where it affects the reorganization of the debtor. *In re Jon Co., Inc.*, 30 B.R. 831 (D.C.Colo.1983); *In the Matter of Old Orchard Investment Company*, 31 B.R. 599 (D.C.W.D.Mich. 1983); *In re Otero Mills, Inc.*, 25 B.R. 1018 (D.C.N.M.1982).

The primary authority cited by defendant in opposition to jurisdiction is *In re Aboussie Brothers Construction Company*, 8 B.R. 302 (D.C.Mo.1981) and 2 Collier on Bankruptcy, ¶ 362.04[1], pp. 362–28, 29.

The authorities cited in support of jurisdiction base that jurisdiction on 28 U.S.C.A. § 1471 (Supp.1982), combined with § 105(a) of the 1978 Bankruptcy Code. The Court, in *Aboussie*, did not address § 105(a), and relied on cases decided under the old Bankruptcy Act. The Collier citation states that even under the 1978 Code, where litigation is directed against a guarantor or other third party allegedly liable for the debts of a debtor, courts rarely grant injunctive relief. The basis for this is said to be a lack of jurisdiction to grant such relief. However, only pre-Code cases are cited therein.

■ In my view, and based upon the foregoing authorities supporting jurisdiction, the Bankruptcy Court does have the power to enjoin parties from proceeding in state court against non-bankrupt parties under circumstances clearly demonstrating that such continued proceedings would adversely or detrimentally affect the debtor's reorganization.

Further, this Court continues to exercise jurisdiction over cases under or arising under a Chapter 11 since *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), by virtue of the "emergency rule" from the district court in this jurisdiction. General Procedure Order 1983-1, United States District Court for the District of Colorado. The constitutionality of this emergency rule, at least with respect to core bankruptcy matters, has recently been upheld in *Oklahoma Health Services Federal Credit Union v. Webb*, 726 F.2d 624, 10 CBA 2d 197 (10th Cir.1984). Certainly injunctive relief in connection with the automatic stay under § 362 of the Code is a core bankruptcy matter covered by that emergency rule.

■ The real question is whether the Court should interfere with the collection efforts in the instant case against a third party, Mr. Mahaffey, Jr., based upon the facts and circumstances herein.

The most often cited case in support of granting an injunction against collection efforts directed to a third party is *In re Otero Mills, Inc.*, 21 B.R. 777 (BR N.M. 1982), aff'd. *In re Otero Mills, Inc.*, 25 B.R. 1018 (D.C.N.M.1982). The *Otero Mills* case and *Lundgrin v. Claytor*, 619 F.2d 61 (10th Cir.1980) reflect that before the court may grant an injunction in the bankruptcy context enjoining a creditor's action against a co-debtor or guarantor, the movant must establish four prerequisites:

1. Substantial likelihood that the movant will eventually prevail on the merits;

2. Irreparable harm to the movant (bankruptcy estate) in the absence of injunctive relief;

3. Proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the creditor; and

4. A showing that the injunction would not be adverse to the public interest.

In *Otero Mills* the bankruptcy court granted a permanent injunction against the Security Bank and Trust, preventing the bank from executing or otherwise attempting to collect upon a state court judgment against Charles Dugan. Mr. Dugan was the President and shareholder of the bankruptcy corporation, Otero Mills, Inc. Dugan was not in bankruptcy, but a judgment had been rendered against him in the state court on his individual guarantee of promissory notes owed by Otero Mills to the bank.

Although the bankruptcy court enjoined enforcement of a judgment, it did authorize the bank to domesticate that judgment in other states where Dugan owned property. Important to the consideration of both the bankruptcy court, and the district court was the fact that Otero's ability to file a plan would be impaired by continued pressure against it's President and shareholder, since Dugan was going to contribute personal assets to Otero Mills to effectuate a plan of reorganization.

Further, the Court noted the bank was adequately protected on its promissory notes by virtue of other assets and was careful to include in the order of injunction that it would consider an application to lift

the injunction if the bank later felt it was no longer adequately protected.

No such facts are available here.

Mr. Mahaffey, Jr. is not a partner in Billy Tom Ltd., and there is no evidence to indicate he has contributed or now contributes or ever intends to contribute any of his personal assets to the reorganization of Billy Tom Ltd. Further, there is no evidence to indicate assets might be available to protect this creditor's judgment if the creditor is prevented from engaging in garnishment proceedings or other collection efforts relating to properties of Mr. Mahaffey, Jr. There is no evidence to indicate what collection efforts have been instituted and what time has been or is required to respond. No evidence is before this Court to indicate whether Mr. Mahaffey, Jr. is in a financial position to simply write a check in payment of the judgment against him, or is being required to respond to inordinate discovery procedures affecting exempt assets, if any are possessed. The evidence does reflect that Mr. Mahaffey, Jr. does, indeed, spend almost all of his waking hours in the performance of his duties on behalf of his employer, Billy Tom Ltd.

A review of other cases demonstrating the ingenius efforts of counsel in seeking injunctive relief since *Otero Mills* is perhaps in order.

In *Old Orchard Investment Company, supra,* the district court affirmed a bankruptcy court order enjoining the creditor from proceeding with state court collection efforts against individual partners of the debtor partnership. The court noted the individual assets of the partners were part of the general fund to which partnership creditors looked to satisfy partnership debts. The court then specifically observed as follows:

"When a guarantor or surety is sued for the debts of their principal, however, different consequences follow. Once the guarantor or surety pays the creditor, the right to demand payment from the debtor only changes hands; it passes from the creditor to the guarantor or surety.... Furthermore, the payment by the guarantor or surety is not from the debtor's assets; the net pool available thus is not depleted." *Old Orchard Investment Co., supra,* at p. 601.

The instant case is more akin to the discussion of guarantor liability in *Old Orchard* than to the holding relating to partner liability. There, the district court recognized that different consequences flow from litigation against a guarantor or surety for the debts of their principal as opposed to those consequences occurring when a partner is sued for the debts of a partnership. The repercussions to a debtor-partnership occurring when collection efforts are brought against a partner do not occur when a guarantor or surety is called upon to satisfy the debts of a bankrupt partnership. *Old Orchard Investment Co., supra.* Similarly, collection efforts against a guarantor who, as here, has no direct financial interest in the business cannot be said to interfere with the successful reorganization of that business. Indeed, the debtor here has made no contention that any adverse consequences will follow from collection efforts against its employee, Mr. Mahaffey, Jr., except that it may prevent Mr. Mahaffey, Jr. from devoting his full and undivided attention to the business of the debtor.

Two non-partnership decisions are cited by the debtor in support of this motion for injunctive relief. The first, *In re Lahman Manufacturing Company, Inc.,* 33 B.R. 681, (Bankr.S.D.1983), involved a requested injunction by the debtor against a creditor bank to prohibit it from proceeding against the shareholders of the debtor. The shareholders were proposing to use their unencumbered property to finance a reorganization plan. The court granted a preliminary injunction protecting the non-debtor guarantors, but also enjoined them from mortgaging, selling or otherwise encumbering their property in order to protect the bank's contractual right. The *Lahman* decision is clearly distinguishable from the instant case and is predicated upon the same logic as the *Old Orchard Investment Company* decision and other partnership

cases. As has previously been noted herein, there is no evidence indicating Mr. Mahaffey, Jr. is to use any of his property to finance any portion of a proposed reorganization plan of Billy Tom Ltd.

The court, in *In re Century Machine Tools, Inc.,* 33 B.R. 606 (Bankr.S.D.Fla. 1983), considered a request for injunctive relief against a defendant bank to prevent the bank from proceeding with garnishment actions in the state court against a third party, David Maline. Mr. Maline was the debtor's president and majority shareholder. The debtor argued that by virtue of Mr. Maline's position, he was the officer responsible for securing financing for the debtor and running the debtor's business. It was contended that the debtor's effective reorganization would be precluded if its president and majority shareholder was distracted by these garnishment proceedings, particularly since, it was alleged, he would have no place to cash a personal check as a result of such actions against him individually. Further, the debtor asserted the garnishments of Maline's accounts in four other banks would prevent any prospect of obtaining financing on behalf of the debtor from those banks. The court reviewed every argument put forth by the debtor and concluded there was no basis for injunctive relief.

In my view, enjoining a creditor from proceeding against a third-party guarantor, even though such guarantor is a key employee of the debtor's business, would set a dangerous precedent, absent evidence that such guarantor will contribute personal assets to the reorganization. It is not uncommon in bankruptcy business reorganizations for the principle employees of the debtor to be devoting a great deal of extra time to the business, in an effort to effectuate a plan of reorganization. I do not believe the Code goes so far toward debtor protection as to allow the court to insulate such employees from their individual liabilities, whether they be on guarantees of the debtor's responsibilities or on personal liabilities of another nature.

On balance, I am compelled to conclude the debtor has failed to carry its burden of establishing that, in the absence of injunctive relief, irreparable harm will be suffered by the debtor. A plan can be proposed and carried out by the debtor without exhausting every available moment of Mr. Mahaffey, Jr. I also must conclude there is not a reasonable likelihood the debtor will prevail at any final trial in this matter. Further, I am unable to conclude the public policy would best be served by holding creditors of third-parties at bay while such parties operate as key employees of the debtor. This, it seems to me, is too much to ask of the court even under a liberal interpretation of the 1978 Bankruptcy Code.

Accordingly, the Motion for Preliminary Injunction is denied. Trial on the Complaint will be set in due course.