Payne, Wood and Littlejohn, Glen Cove, N.Y., for creditor; Charles G. Mills, Glen Cove, N.Y., of counsel.

**In re KEYCO, INC., Keyco Motor Freight, Inc., Debtors.**

**Bankruptcy Nos. 184–40380–260, 184–40379–260.**

United States Bankruptcy Court, E.D. New York.

May 21, 1985.

### DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Bankruptcy Judge.

This is a motion brought by way of an order to show cause by Keyco, Inc. and Keyco Motor Freight, Inc., Chapter 11 debtors, for an order staying the prosecution of a state court action against their officers on the officers' personal guarantee of the debtors' first mortgage. The motion is denied.

I

### FACTS

Keyco, Inc. ("Keyco") and Keyco Motor Freight, Inc. ("Keyco Motor"), are affil-

iated companies which filed petitions for relief under Chapter 11 in this court. Keyco Motor is in the interstate trucking business and is a wholly-owned subsidiary of Keyco, the parent, which owns the land and buildings which house the trucking operation.

All of the stock of Keyco is owned by Clarence R. Lindborg. He and his wife, Irene, are the officers of both companies, serving as President and Secretary, respectively. The Lindborgs also own all of the stock of another company, Keyco Oil, Inc.

On January 27, 1978, Keyco and Keyco Motor executed a note secured by a first mortgage on the Keyco real estate in favor of the Norstar Bank of Long Island ("Norstar"). Clarence and Irene Lindborg personally guaranteed the mortgage debt. Monthly payments commenced on March 1, 1978. Keyco and Keyco Motor defaulted in their payments by failing to make the payments due December 1, 1982. Thereafter, Norstar called the loan for payment in full.

On March 6, 1984 Keyco and Keyco Motor filed their petitions for relief under Chapter 11. An order for joint administration was entered by the court. After filing, the Lindborgs continued in the management of the debtors' businesses. Keyco has been making post-petition payments to Norstar. Keyco Oil Co. and the Lindborgs, personally, have not filed petitions in bankruptcy.

On March 28, 1984 Norstar brought suit against Clarence and Irene Lindborg on their personal guarantees of the mortgage debt in the New York Supreme Court, Nassau County, alleging $203,255.33 due plus interest. Norstar moved for summary judgment in that action.

The present motion brought by order to show cause by Keyco and Keyco Motor in this court contained a temporary restraining order which stayed the state court action pending a determination here. The debtors seek to stay the prosecution of the state court action against the Lindborgs and thereby extend the § 362[1] stay to protect the guarantors, on the ground that as officers they would be compelled to spend appreciable time and money in defense of the suit at the expense of the debtors. In addition, they claim that Norstar holds security far in excess of the debt owed to them, consequently providing the bank with adequate protection.

Initially, the debtors requested that the state court action be stayed since they expected to file a plan which would adequately protect Norstar. At this point Keyco, in fact, filed a plan and a disclosure statement. In its disclosure statement, it states that the plan pertains only to Keyco, since the Chapter 11 case of Keyco Motor is not ripe for confirmation. Accordingly, it will seek a vacatur of the order for joint administration. The Keyco plan indicates that it will be funded by monies generated from its operations and from funds of third parties, if necessary. There is no proposal by Keyco that the guarantors' property, their Keyco Oil stock, for example, will contribute to the success of the plan.

Norstar, in opposition to the present motion, notes that the § 362 automatic stay which affords protection to a debtor when it comes within this court, was not meant to protect third parties. It reasons that a judgment in the state court action against the guarantors personally would permit it to execute against their Keyco Oil stock, which would reduce the total amount of money needed by Keyco to fund its Chapter 11 plan. Thus, it concludes that it is not diminishing the resources available to fund a plan. Rather, it suggests, that proceeding with the state court action will benefit the bankruptcy estate.

---

1. Section 362, "the automatic stay," provides in pertinent part:
   (a) Except as provided in subsection (b) of this section, *a petition filed* under section 301, 302, or 303 of this title, ... *operates as a stay, applicable to all entities, of* -
   (1) the commencement or continuation, including the issuance or employment of process, of a *judicial,* administrative, or other *proceeding against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the *debtor* that arose before the commencement of the case under this title.... (emphasis added).

In addition, Norstar argues that 28 U.S.C. § 1334(c)(2), the mandatory abstention provision added by the Bankruptcy Amendments and Federal Judgeship Act, P.L. 98-353 ("1984 Act") requires this court to abstain from hearing this "related proceeding."

## ISSUE

Does this court have jurisdiction to extend the § 362 automatic stay to enjoin state court litigation against principals or officers of the debtor on their personal guarantee of the debtor's obligation?

## DISCUSSION AND CONCLUSIONS OF LAW

28 U.S.C. § 1334(c)(2) mandates this court abstain from certain proceedings related to a bankruptcy case. However, that section is not applicable to bankruptcy cases or proceedings in those cases that were pending on July 10, 1984, the date that the 1984 Act was enacted. 11 U.S.C. § 122(b). The present motion to extend the stay and enjoin state court litigation falls into that category inasmuch as not only the bankruptcy case, but the related proceeding, was pending on July 10, 1984. However, 28 U.S.C. § 1334(c)(1) is applicable. It grants this court the discretionary power to abstain "in the interest of justice, or in the interest of comity with State courts or respect for State Law ... from hearing a particular proceeding ... related to a case under title 11." *See In re Smith-Douglass, Inc.*, 43 B.R. 616, 12 B.C.D. 426 (Bkrtcy.E.D.N.C.1984).

Since the dispute here does not involve the debtors, but does involve issues of state law, and since there is a pending state court action, it is the opinion of this court that the proper tribunal is the state court. In addition, we find no basis on which to extend the § 362 stay to protect guarantors in the state court action.

"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors." House Report No. 95-595, 95th Cong., 1st Sess. 340-42 (1977); *reprinted in* 1978 U.S.Code & Ad.News, 5787, 5840-41. While "[i]t is "universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor," *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir.1983), bankruptcy courts have carved out an exception and extended their injunctive powers to protect non-debtors from creditor collection activities in certain narrowly defined circumstances. *See In re Otero Mills, Inc.*, 21 B.R. 777, *aff'd.* 25 B.R. 1018, 7 C.B.C.2d 1017 (D.N.M.1982) and progeny.[2]

In *Otero*, the district court affirmed a bankruptcy court order enjoining a creditor from moving against the president of a Chapter 11 debtor corporation on his personal guarantees of the corporation's debts. Such protection was deemed necessary to protect an effective reorganization.

The *Otero* court set forth the following test to determine whether the bankruptcy court has jurisdiction to enjoin a state court action against a non-debtor. It stated: "the court must find that failure to enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through that third party." 21 B.R. at 778. That jurisdictional test was specifically endorsed and adopted in the following cases: *In re Sentinel Energy Control Systems, Inc.*, 27 B.R. 795, 800 (Bkrtcy.D.Mass.1983); *In re Lahman Mfg. Co., Inc.*, 33 B.R. 681, 682-83 (Bkrtcy. D.S.D.1983); *Matter of Precision Colors, Inc.*, 36 B.R. 429, 431 (Bkrtcy.S.D.Ohio 1984). *See also In re Century Machine Tools, Inc.*, 33 B.R. 606, 607 (Bkrtcy.S.D. Fla.1983); *Mahaffey v. E-C-P of Arizona, Inc.*, 40 B.R. 469, 471-72 (Bkrtcy.D.Colo. 1984).

The debtor here has failed to meet the requirements established by *Otero*. Keyco's plan of reorganization indicates that it

---

**2.** For a discussion of recent case law illustrating the current scope of injunctive relief staying creditor litigation against non-debtors, *see Broken Bench Rev.*, Vol. 4, No. 3 (Mar.1985).

**510**

will be funded through its operations. Nowhere is there a proposal to utilize assets of the guarantors in the plan. The only mention of one of the guarantors is the assertion in the amended disclosure statement that Keyco intends to fund administration expenses out of operations, or if necessary, by monies to be borrowed by Clarence R. Lindborg. Keyco has not shown that failure to enjoin the state court suit would affect the bankruptcy estate, nor has it established that continuing the state court litigation would adversely or detrimentally influence it.

The debtor asserts that if the state court action goes forward its principal and its operating officers would be required to spend time defending that suit when their energies could be focused on reorganization. However, the mere status of the non-debtor as a principal of the debtor has been held as insufficient justification for staying litigation against him. *Otero, supra.*

Based upon the principles stated above, the debtor's motion is denied.

SO ORDERED.