In re KALISPELL FEED AND GRAIN SUPPLY, INC., Debtor.

John W. MARTIN, Patricia M. Martin and John W. Martin Construction Company, Inc., an Arizona corporation, Plaintiffs,

v.

NORWEST BANK KALISPELL, N.A., a national banking corporation; Wilbur-Ellis Company; Bank of Columbia Falls, a Montana banking association; Phillips Chemical Company, Defendants.

Bankruptcy No. 285–00362.
Adv. No. 285/0036.

United States Bankruptcy Court, D. Montana.

Dec. 11, 1985.

Ralph B. Kirscher, Missoula, Mont., for debtor/plaintiff.

Nancy Moe, Missoula, Mont., for Phillips Chemical Co.

Bruce McEvoy, Kalispell, Mont., Thomas H. Bennin, Minneapolis, Minn., for Norwest Bank of Kalispell.

Kenneth R. Neil, Great Falls, Mont., for Wilbur-Ellis Co.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

Kalispell Feed and Grain Supply, Inc., a Montana corporation, filed a Chapter 11 proceeding on September 3, 1985. On October 16, 1985, the above Plaintiffs filed a Complaint for injunctive relief against each Defendant under 11 U.S.C. § 105 of the Bankruptcy Code. The basis for the action is that Plaintiffs John W. Martin and Patricia M. Martin are sole stockholders of the Plaintiff John W. Martin Construction Company, Inc. The Plaintiff company is sole shareholder of Kalispell Feed and Grain, Inc., an Arizona company, which in turn is the sole stockholder of the debtor corporation. The only issue remaining to decide in this adversary proceeding concerns the request to enjoin further proceedings in a state court action filed by the Defendant Wilbur-Ellis Company against the Debtor, its parent company, Kalispell Feed and Grain, Inc., John W. Martin and Patricia M. Martin. That state court action joined Plaintiffs John W. Martin and Patricia Martin as guarantors of the Debtor's notes given to Wilbur-Ellis. As guarantors, the individual Plaintiffs contend that (1) the automatic stay provisions of Section 362 of the Bankruptcy Code apply to the state court action, and (2) if not, the action should be enjoined under Section 105 of the Code because continuation of that case against the Martins will impede and frustrate the ability of the Debtor to reorganize since Martins are the only persons who can provide future financing to the Debtor corporation.

In early cases, the courts held the automatic stay provisions of Section 362(a) apply to non-debtors. *Federal Life Ins. Co. (Mutual) v. First Financial Group of Texas, Inc.*, 3 B.R. 375, 2 C.B.C.2d 370 (B.K. Tex., 1980); *In Re White Motor Credit Corp.*, 11 B.R. 294 (B.K., Ohio, 1981) (dictum), rev. on other grounds, 23 B.R. 276 (N.D.Ohio, 1982).

The Ninth Circuit Bankruptcy Appellate Panel in the case of *In Re Casgul of Nevada, Inc.*, 22 B.R. 65, 9 B.C.D. 499 (1982) determined that the automatic stay created by Section 362(a) of the Code is for the benefit of the Debtor, the Debtor's property or the Debtor's estate. The Court reasoned:

"We are unable to find any provision in Section 362 that creates a stay in favor of any entity other than the Debtor or that protects property other than that of the Debtor or Trustee (i.e., estate property). Nor can the Debtor point to such a provision. There is ample reason to believe that Congress' failure to afford automatic stay protection to co-debtors, or to their property, was deliberate. It expressly provided for a co-debtor stay in 11 U.S.C. 1301, applicable to Chapter 13 cases only."

*Casgul* has been cited and followed in the following cases: *In Re Johnson*, 51 B.R. 439 (B.K.Pa., 1985); *In Re Anje Jewelry Co., Inc.*, 47 B.R. 485 (B.K.NY, 1983); *In Re Captiol-York Construction Corp.*, 43 B.R. 52 (B.K.NY, 1984); *Matter of Johns-Mansville Corporation*, 26 B.R. 405 (B.K.NY, 1983); *In Re Eagles*, 36 B.R. 97 (B.A.P., 9th Cir., 1984); *In Re Autobahn Classics*, 29 B.R. 625 (B.K.NY, 1983); *Matter of Safeguard Mfg. Co.*, 25 B.R. 415 (B.K.Conn., 1982). Cases which adopt the above rule and hold the stay is not applicable to guarantors are as follows: *In Re Keyco, Inc.*, 49 B.R. 507, 13 B.C.D. 25 (B.K.NY, 1985); *Lynch v. Johns-Mansville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir., 1983); *In Re Mahaffey v. E–C–P of Arizona, Inc.*, 40 B.R. 469, 12 B.C.D. 164 (B.K. Ariz., 1984); *In Re Kash & Karry Wholesale, Inc.*, 28 B.R. 66, 10 B.C.D. 239 (B.K. S.C., 1982), and *In Re Metal Center*, 31

B.R. 458 (B.K.Conn., 1983). Even in products liability litigation, Section 362 has been held non-applicable to non-debtor co-defendants. *Matter of Safeguard Mfg.,* supra; *In Re Related Asbestos Cases,* 23 B.R. 523 (D.C., N.D., Cal., 1982). I conclude that based on the above authorities the rule is now well-recognized and settled that Section 362(a) of the Code cannot be applied to include non-debtors who are co-defendants in any action with the Debtor. Thus, the automatic stay provisions of Section 362(a) are not available to the non-debtor guarantors in this case.

■ The courts, however, have adopted a manner to protect non-debtors from creditor collection activities in certain circumstances by invoking the provisions of Section 105(a) of the Bankruptcy Code. Section 105(a) provides that the "Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Code]". Thus, it is under Section 105 that the Bankruptcy Court is granted the power to stay proceedings not covered by the automatic stay provisions of Section 362(a). The leading case in this regard is *In Re Otero Mills, Inc.,* 21 B.R. 777 (B.K.N.M., 1982), aff'd 25 B.R. 1018 (D.C.N.M., 1982). The *Otero Mills* case, and its progeny such as *In Re Vantage Petroleum Corp.,* 25 B.R. 471, 9 B.C.D. 1248 (B.K.NY, 1982); *In Re Mahaffey,* supra; and *In Re Keyco,* supra, held that before a court may grant an injunction enjoining a creditor's action against a co-debtor or guarantor, the moving party, such as Martin here, must establish each element of the following test:

1. Substantial likelihood that the movant will eventually prevail on the merits;

2. Irreparable harm to the movant bankruptcy estate in the absence of injunctive relief;

3. Proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the Debtor; and

4. A showing that the injunction would not be adverse to the public interest.

The above rule on preliminary injunction is the same in the Ninth Circuit. *Regents of University of California v. ABC, Inc.,* 747 F.2d 511, 515 (9th Cir., 1984).

Moreover, as stated in *In re Anje Jewelry Co., Inc.,* supra, at 487 of 47 B.R.:

"It is clear from the above test that 'a preliminary injunction is an extraordinary and drastic remedy which should not be routinely granted except upon a clear showing that the movant has carried its heavy burden.' *United States v. State of New York,* 552 F.Supp. 255, 261 (N.D.NY, 1982) (quoting *Buffalo Forge Company v. Ampco-Pittsburgh Corporation,* 638 F.2d 568, 569 (2nd Cir., 1981). One factor in discerning 'irreparable harm' in a bankruptcy context is whether the action sought to be enjoined would so consume time, energy and resources of the debtor that it would substantially hinder the debtor's reorganization effort. See *Matter of Johns-Mansville,* supra, 26 B.R. [405] at 419, 9 B.C.D. at 1412 [B.K.NY 1983]."

In a guarantor situation, two cases seeking injunctions against collection efforts by creditors against the guarantors are *In Re Lahman Mfg. Co., Inc.,* 33 B.R. 681 (B.K. S.D., 1983) and *In Re Century Machine Tools, Inc.,* 33 B.R. 606 (B.K.Fla., 1983). In *Lahman,* the creditor bank was enjoined from proceeding against shareholders of the Debtor where the shareholders were proposing to use their unencumbered property to finance a reorganization plan. In *Century Machine Tools,* the court considered a request for injunctive relief against the creditor bank to stop the bank with garnishing assets of the Debtor's president and majority shareholder. The court refused injunctive relief where it was contended that the Debtor's effective reorganization would be precluded if its president and majority stockholder were distracted by the state court proceedings, particularly where it would preclude his efforts to negotiate checks on his account so as to prevent him from furnishing financing to the Debtor. In the *Mahaffey* case,

supra, the court noted (40 B.R. 469, 12 B.C.D. at 166):

"In my view, enjoining a creditor from proceeding against a third-party guarantor, even though such guarantor is a key employee of the Debtor's business would set a dangerous precedent, absent evidence that such guarantor will contribute personal assets to the reorganization."

The court in *In Re Keyco* postured essentially the same theme when it held under facts where the plan or reorganization indicated that the Debtor would be funded out of its operations rather than by the guarantor's assets, "the mere status of the non-debtor as a principal of the Debtor has been held as insufficient for staying litigation against that officer or shareholder". The Plaintiffs have cited to the court some of the above decisions to support their position. Under the case of *In Re Metals Center Inc.*, supra, that court stated the Debtor would not be bound by any judgment rendered against the guarantor, by holding as follows:

"Since he (Debtor) cannot be compelled to appear in nonbankruptcy court to defend his creditor's or guarantor's claim absent relief from the automatic stay, principles of law, which might otherwise bind the Debtor, are of no effect in a bankruptcy court."

As to the Martins' use of their resources to rehabilitate the Debtor financially, the evidence shows that Martin individually does not have any cash revenues to infuse capital into the debtor corporation. Indeed, he testified he is actively trying to sell the business and debtor property rather than rehabilitate the business, which is now closed. As to the action in state court, the prayer for relief seeks over $72,000.00, but I fail to understand how any judgment against the guarantor would prejudice the sale of the Debtor's assets. Of course, as noted above from the *Metals Center* case, the general rule of suretyship, where the guarantor is sued for the debt and pays the creditor so that the right to demand payment from the Debtor changes hands, that is, it passes from the creditor to the guarantor, who may in turn collect from the Debtor, is not applicable in the bankruptcy context. In sum, the Plaintiffs have failed to sustain their heavy burden of proof to invoke the discretion of this court to stay the state court proceeding. As a practical matter, if Martins' financial status is as described in the hearing on this cause, the creditor Wilbur-Ellis may well be pulling an empty wagon if it recovers judgment against Martins. It may still have to look to the Debtor's reoganization or liquidation for satisfaction of its judgment in this proceeding.

IT IS ORDERED the Complaint for preliminary injunction or stay of the state court action by Wilbur-Ellis against the Plaintiffs John and Patricia Martin is denied and the Complaint is ordered dismissed.