**In the Matter of Salvatore PESTRITTO, Debtor.**

**Salvatore BRANCATO, Anna Maria Brancato, Plaintiffs,**

**v.**

**TRUST COMPANY OF GEORGIA BANK OF SAVANNAH, N.A. and Salvatore Pestritto, Defendants.**

**Bankruptcy No. 89–41098.**
**Adv. No. 89–4089.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Oct. 4, 1989.

Sherwin P. Robin, Kenneth L. Royal, Savannah, Ga., for plaintiffs.

John Satum, H. Pearce Scott, for Trust Co. of Georgia Bank. Charles B. Merrill, Swainsboro, Ga., for Pestritto.

## MEMORANDUM AND ORDER ON MOTION FOR PRELIMINARY INJUNCTION

LAMAR W. DAVIS, Jr., Chief Judge.

Salvatore and Anna Maria Brancato ("Plaintiffs") filed a Motion for Preliminary Injunction seeking to enjoin Trust Company of Georgia Bank of Savannah, N.A. ("Bank") from foreclosing on certain residential property owned by Plaintiffs. After consideration of the evidence presented at a hearing on said Motion, I make the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1) On July 21, 1988, Salvatore Pestritto ("Debtor") gave a security deed on a vacant residential lot to Bank in order to secure $200,000.00 and any other indebtedness of Debtor to Bank "now existing or that may hereafter exist". Said security deed was duly recorded by Bank in the public real estate records of Chatham

County, Georgia, on July 22, 1988, as required by Georgia law.

2) In December of 1988, Debtor sold the property subject to said security deed to Plaintiffs, thereby transferring all of Debtor's legal and/or equitable interest in the property to Plaintiffs.

3) On July 21, 1988, Debtor was indebted to Bank for principal in the amounts of $35,842.06 on the $200,000.00 note described in said security deed, and $597,-707.61 on a note dated May 10, 1985. In addition, Debtor had guaranteed $35,000.00 in credit to Dental Associates of Savannah, Inc., by a Guaranty dated September 16, 1985, and $300,000.00 by a Guaranty dated January 16, 1987. On July 21, 1988, Dental Associates was indebted to Bank for principal in the amounts of $224,619.10 on one note and $99,932.21 on another.

4) On July 14, 1989, Bank declared all four of the above notes in default.

5) On July 28, 1989, Debtor filed a petition in this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101, *et seq.* At that time, Debtor owed Bank over $600,000.00 on the two notes made by Debtor, and over $300,000.00 on the two notes guaranteed by Debtor.

6) In order to foreclose against the subject residential lot Bank began advertising a sale at public outcry on September 5, 1989, pursuant to the power of sale contained in the security deed.

7) On September 1, 1989, this Court temporarily restrained the Bank from proceeding.

## CONCLUSIONS OF LAW

Plaintiffs seek to enjoin the Bank's proposed foreclosure on the grounds that the foreclosure is a violation of the automatic stay created by 11 U.S.C. Section 362, or, alternatively, that the foreclosure should be enjoined pursuant to this Court's equitable power under 11 U.S.C. Section 105.

The automatic stay of Section 362 applies only to actions against the debtor, the debtor's property, or the debtor's estate. 11 U.S.C. § 362; *Matter of Johns–Manville Corporation*, 26 B.R. 405, 409 (S.D.N.Y.

1983); *In re Casgul of Nevada, Inc.*, 22 B.R. 65, 66 (B.A.P., 9th Cir.1982); *In re Kalispell Feed and Grain Supply, Inc.*, 55 B.R. 627, 628–29 (D.Mont.1985) (and cites therein). In *In re A.H. Robinsd Co., Inc., v. Piccinin*, 788 F.2d 994 (4th Cir.1986), the Court, being persuaded by *In re Johns–Manville Corp.*, 26 B.R. 420 (S.D.N.Y. 1983), enjoined actions against non-debtor co-defendants who "were entitled to indemnification by the debtor ... and were ... additional insureds under the debtor's [liability] insurance policy." *A.H. Robins Co., Inc., Id.* at 1007. Debtor's interest, or lack thereof, in Dr. Brancato's lot is not analogous to the Debtor's interest in its liability insurance coverage in the *A.H. Robins* case. The debtor in *A.H. Robins* was faced with thousands of tort claims and desperately needed the services of its liability insurers to defend and indemnify the company. Extension of the stay was deemed absolutely necessary for an effective reorganization. Without the extension, the Debtor faced the probability that its future liability insurance coverage would be dropped, exposing the debtor to liability with the potential of thwarting its reorganization efforts. Any liability the Debtor may have to Dr. Brancato does not rise to the level necessary to justify extension of the Section 362 stay to third parties.

A comparison of *Matter of Johns–Manville Corporation*, 26 B.R. 405 (S.D.N.Y. 1983), in which the Court refused to enjoin actions against non-debtor co-defendants, with *In re Johns–Manville Corp.*, 26 B.R. 420 (S.D.N.Y.1983), in which the Court enjoined actions against the debtor's employees, agents, and others who were entitled to coverage by the debtor's liability insurance, illustrates a significant distinction and reveals that *A.H. Robins* is a far different case than the one presently before the Court.

The *In re Johns–Manville* Court extended the Section 362 stay to employees, officers and directors of the debtor corporation, finding that "[t]he massive drain on these numerous individuals' time and energy at this crucial hour of plan formulation in either defending themselves or in re-

sponding to discovery requests could frustrate if not doom their vital efforts at formulating a fair and equitable plan of reorganization". 26 B.R. at 426. Yet the same Court declined to extend the Section 362 stay to non-debtor co-defendants in *Matter of Johns–Manville Corp.*, finding that the co-defendants were not so inextricably intertwined with the debtor's Chapter 11 case to require extension of the Section 362 stay.

Although I sympathize with Dr. Brancato's predicament, I find that there is no justification for extending the Section 362 stay to actions against his property. Unlike the officers and directors of the Johns–Manville Corporation, an action against Dr. Brancato's property would not directly interfere with Debtor's reorganization efforts. Rather, his position is more analogous to that of the co-defendant in *Matter of Johns–Manville* in that the debtor *may* have a contingent liability, but none so direct to justify extension of the Section 362 stay to the Brancato property.

■ In the case at hand, the Bank seeks to foreclose upon property which is owned by the Plaintiffs and in which the Debtor had transferred all of its legal and/or equitable interest prior to filing bankruptcy. Therefore, the Bank's proposed foreclosure is not an action against the Debtor, the Debtor's property, or the Debtor's estate. Nor is it an action against a third party whose interests are "intimately intertwined" with the Debtor. Plaintiffs contend that if the property is foreclosed upon, then Plaintiffs will sue Debtor for damages, pursuant to Debtor's breach of the warranty deed which purported to transfer the property from Debtor to Plaintiffs free and clear of all liens. Thus, Plaintiffs claim that the foreclosure action against them would in effect be an action against the Debtor. However, Plaintiffs have failed to show how the foreclosure would in fact have any adverse effect upon the Debtor, the Debtor's property, or the Debtor's estate. Whatever cause of action the Plaintiffs may have against the Debtor already exists, and will continue to exist whether or not the foreclosure takes place.

Furthermore, upon foreclosure, the worst that can happen to the bankruptcy estate is that the Bank's claim against the Debtor would be transferred to the Plaintiffs. Hence, at worst, the foreclosure will have no effect upon the Debtor, the Debtor's property, or the Debtor's estate. In contrast to the officers and directors in *Johns–Manville*, the Debtor's attorneys openly acknowledge that the Debtor has no interest in this matter. Therefore, the proposed foreclosure by Bank is not subject to the automatic stay under Section 362.

■ In the alternative, Plaintiffs argue that this Court should enjoin the foreclosure pursuant to 11 U.S.C. Section 105, which empowers the Bankruptcy Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]". Section 105 has been held to empower the court to enjoin certain actions against third party non-debtors which are not covered by the automatic stay of Section 362. *See, e.g., In re Otero Mills, Inc.*, 21 B.R. 777 (D.N.M.1982); *In re Monroe Well Service, Inc.*, 67 B.R. 746 (E.D.Pa.1986). However, injunctive relief granted pursuant to Section 105 must be tested against the standards of F.R.C.P. 65, which is expressly made applicable to bankruptcy proceedings by Bankruptcy Rule 7065.

A party seeking to enjoin a creditor's action against a non-debtor third party must show, among other things, that irreparable harm to the debtor's estate or to the debtor's ability to reorganize will result if the injunction is not granted. *See, e.g., Id.; In re Continental Airlines, Inc.*, 61 B.R. 758, 781 (S.D.Tex.1986); *Matter of Uiterwyck Corp.*, 36 B.R. 533, 534 (M.D.Fla. 1983). "[I]njunctive relief in favor of non-debtors must be considered an extraordinary remedy to be granted only when a significant and direct impact on the reorganization proceedings is threatened." *Continental Airlines*, 61 B.R. at 781.

For the same reasons discussed in connection with the inapplicability of Section 362, Plaintiffs have failed to show how the proposed foreclosure by the Bank on Plaintiffs' property will cause "irreparable harm" to the Debtor's estate or to the

Debtor's reorganization. While the foreclosure will clearly harm the Plaintiffs, it is not the function of the Bankruptcy Court to protect the non-debtor-Plaintiffs' interests unless it is show that this will also protect the Debtor's estate from significant, irreparable harm. Since the Plaintiffs have failed to make this showing, this Court's power to enjoin under Section 105 may not be invoked.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT THAT the Motion for Preliminary Injunction is hereby denied. Upon the issuance of this Order, the Bank is entitled to proceed with its legal right of foreclosure upon Plaintiffs' property.